IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sharon Floyd, | ) | C/A No.: 6:07-2851-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Sharon Floyd, brought this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income (SSI) under Title XVI of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for SSI in 2003, alleging disability as of December 1, 2002 due to back pain, depression, anxiety, migraine headaches, and hypertension. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on November 5, 2004. The ALJ thereafter denied plaintiff's claims in a decision issued May 27, 2005. The Appeals Council received as additional evidence a letter dated July 23, 2005 from Dr. Betty Obong and a letter dated July 25, 2005 from the claimant's attorney. However, the Appeals Council denied the request for review. Plaintiff filed an action in this Court for review of the decision, and this Court remanded the case to the Commissioner on August 31, 2006 for further findings on whether the plaintiff's spinal impairment met the level of Listing 1.04A Disorders of the Spine; to evaluate the opinion of the treating physician; to evaluate Plaintiff's subjective complaints of pain; and to obtain the opinion of a vocational expert. A supplemental hearing was held on February 22, 2007, at which the plaintiff, her attorney, and a vocational expert appeared. On June 15, 2007, the ALJ again found that the plaintiff was not under a disability. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 38 years old when the application was filed. She has a high school education. Her past work experience includes employment as a shipping clerk, mail clerk, and assembler. She alleges that she became disabled on December 1, 2002.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be

3

determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

(1) The claimant has not engaged in substantial gainful activity since December 1, 2002, the alleged onset date.
 (20 CFR 416.920(b) and 416.971 et seq.).

(2) The claimant has the following severe impairment: degenerative disc disease (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to: sit for 6 hours of an 8-hour day; stand/walk for 2 hours of an 8-hour day; frequently lift/carry light items; occasionally lift 10 pounds; never climb ladders, scaffolds or ropes; never perform work that involves stooping and crouching; and never be exposed to hazards. She would also require a sit/stand option at will.

(5) The claimant is unable to perform any past relevant work (20 CFR § 416.965).

(6) The claimant was born on July 16, 1964 and was 38 years old, which is defined as a younger individual age 18-44,

on the date the application was filed (20 CFR 416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 CFR § 416.964).

(8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966(c).

(10) The claimant has not been under a disability, as defined in the Social Security Act, since June 13, 2003, the date the application was filed (20 CFR § 416.920(g)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On September 4, 2008, Magistrate William M. Catoe filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed. The plaintiff timely filed objections to the R&R on September 15, 2008. The defendant filed a response to plaintiff's objections on September 24, 2008.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period.

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections . . . . The Court is not bound by the recommendation of
> the magistrate judge but, instead, retains responsibility for the final determination.
> The Court is required to make a *de novo* determination of those portions of the report
> or specified findings or recommendation as to which an objections is made.
> However, the Court is not required to review, under a *de novo* or any other standard,
> the factual report and recommendation to which no objections are addressed. While

>    the level of scrutiny entailed by the Court's review of the Report thus depends on
>    whether or not objections have been filed, in either case, the Court is free, after
>    review, to accept, reject, or modify any of the magistrate judge's findings or
>    recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In her objections to the R&R, Plaintiff alleges various errors by the ALJ, including an assertion that the ALJ erred in finding the plaintiff's depression and anxiety were not severe impairments; that the ALJ failed to consider the combination of the plaintiff's impairments; that the ALJ ignored the plaintiff's financial inability to obtain medical treatment; that the ALJ erroneously gave the treating physician's opinion minimal weight; that the findings by the ALJ regarding the plaintiff's credibility were erroneous; and that the conclusions by the Magistrate Judge regarding the plaintiff's residual functional capacity are insupportable if "the errors in considering the treating physician's evidence are considered." (Objections, p.5).

**Objections Relating to Plaintiff's Alleged Impairments**

The plaintiff argues that the ALJ erred in failing to find that her depression and anxiety were severe impairments. She cites the severity of her symptoms as noted by her family physician, the claimant's alleged limited ability to obtain and afford medical treatment, and the "uncontradicted evidence from the physician and the claimant." (Objections, p. 1). The ALJ made the following finding on this issue:

The medical evidence reveals that the claimant's depression/anxiety is non-severe in nature. The claimant has never sought psychiatric treatment or counseling, and has never been hospitalized or treated by a mental health facility. Additionally, although the claimant has been assessed with depression/anxiety, this condition has not resulted in more than: mild restriction in her activities of daily living; mild limitations in her social functioning; mild deficiencies of her concentration, persistence, or pace, or any episodes of deterioration or decompensation in work or work-like settings.  As a result, the claimant's depression has no more than a minimal effect on the claimant's

ability to perform basic work activities and is a non-severe impairment (20 C.F.R. § 404.1521). (R. p. 275).

Under the standard of review which governs this Court's review of the matter, the Court concludes that the findings by the ALJ are supported by substantial evidence. (*See* Magistrate's analysis at pp. 15-17).

Plaintiff also contends that the ALJ failed to adequately consider the combined effect of her impairments. The Court disagrees and adopts the analysis by the Magistrate Judge on this point. (*See* R&R, p. 20-21)

**Objections Regarding Treating Physician**

The ALJ did not give controlling weight to the opinion of Dr. Obong because he found that the treating relationship was "limited." The ALJ states:

The treating relationship began in April 2004, when the claimant presented to Dr. Obong for evaluation of depression. At that visit, there was no mention of the claimant's back problems. Gait as noted to be normal. . . The record only documents one other visit to Dr. Obong in May 2004 to follow-up with depression. While the treatment note from this visit mentions chronic back pain, there is no documentation that Dr. Obong examined the claimant's spine, that there were any abnormalities on physical examination, or that she made any diagnosis related to the claimant's complaint of back pain. . . There is no documentation that Dr. Obong examined the claimant at any time after May 2004. While her opinion states that objective signs of the claimant's pain included increased paraspinal muscle tenderness, hyperreflexion, and limitations in flexion, there is no documentation of any such finding during her physical examinations of the claimant.

The weight accorded to Dr. Obong's assessment of the claimant's limitations is further weakened by the fact that six months passed between her examination of the claimant and her first assessment of the claimant's functional limitations. The weight accorded to Dr. Obong's subsequent opinions regarding the claimant's limitations is significantly diminished by the increased passage of time between her documented physical examinations and her opinions.

(R. p. 280).

Prior Fourth Circuit precedent established the weight which an ALJ must accord to an opinion of a treating physician. Under the "treating physician rule," the opinion of a claimant's

treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Wilkins v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986).

On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. This regulation supersedes the Fourth Circuit's "treating physician rule." *See Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5 (4th Cir. 1995) (unpublished) ("As regulations supersede contrary precedent, the cases cited by Shrewsbury defining the scope of the 'treating physician rule' decided prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted).

Under 20 C.F.R. section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). This standard, of course, is more stringent than the old "treating physician rule," which accorded a treating physician's opinion controlling weight unless the record contained persuasive evidence to the contrary. *See Coffman*, 829 F.2d at 517.

Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of

the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion.  30 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

The decision by the ALJ not to grant controlling weight to the opinion of Dr. Obong was supported by substantial evidence in the record.  The Magistrate Judge's recommendation to affirm the ALJ's ruling on this ground, therefore, is adopted.

### Objection Regarding Credibility and Daily Limitations

Plaintiff alleges that the findings by the ALJ regarding credibility are erroneous because the claimant's activities of folding clothes and having lunch with her children at school once a week do not have vocational relevance and the plaintiff's alleged reason for not obtaining medical treatment is due to her inability to pay for medical care.

The Magistrate Judge properly outlined the relevant legal framework relating to assessment of a claimant's credibility and the evidence of record in support of the findings by the ALJ.  As the magistrate judge has already adequately addressed this issue in his report and recommendation and no new issue is raised by plaintiff in her objections to the R&R, the Court adopts that portion of the Report and Recommendation without further discussion.  (R&R pp.24-28).

Regarding the plaintiff's alleged lack of financial ability to pay for medical care, the Court notes that the plaintiff testified at the supplemental hearing that she was taking her depression medication once a day. (R. p. 390). She also referenced taking her pain medication.(R.p. 387).  She did not mention any problems with paying for the medication or being seen by physicians. The plaintiff has pointed the Court to no testimony by the claimant that she could not financially afford healthcare. She only points to a letter from her attorney which states that "since her Social Security hearing, Ms. Floyd has been unable to get adequate medical treatment or medications" (R.p. 349,

9

letter dated October 27, 2006) and a letter from Dr. Obong stating that she has been "unable to afford her medications." (R. p. 359, letter dated November 3, 2006). The Court also notes that the Social Security Form entitled "Claimant's Medications" (R. p. 351) states the plaintiff is taking four prescriptions and some nonprescription medications. The form entitled "Recent Medical Treatment" states that she consulted Dr. Obong in March of 2005 and August of 2006 and that "I wasn't able to see my doctor on a regular visit because my Medicaid ran out last year. I couldn't afford to see my doctor due to financial problems. I do not have the money most of the time to buy my medicine that I need." However, there is no sworn testimony in the record to support this. In fact, the Comprehensive Orthopaedic Evaluation dated March 28, 2007 refers to side effects of the plaintiff's medications (R. p. 366), which indicates that she was taking medicine at the time. The Emergency Room record from October of 2006 refers to the plaintiff being on Medicaid. (R. p. 358).

The cases cited by the plaintiff require that the claimant exhaust "all free or subsidized sources of treatment and document his financial circumstances before inability to pay will be considered good cause." *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984). In addition, they refer to testimony by the claimant that she could not afford medical treatment. *See Lovejoy v. Heckler*, 790 F.2d 1114 (4th Cir. 1986). The plaintiff has not made a sufficient showing under this Court's scope of review that physicians refused to see the claimant for financial reasons or that she was not able to pay for prescriptions. The record in the instant case supports the findings by the ALJ regarding credibility.

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

After carefully reviewing the record in this matter, the applicable law, and the positions of

the parties, the court is constrained to adopt the recommendation of the Magistrate Judge and accept the determination of the Commissioner that the plaintiff is not disabled.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference; and the decision of the Commissioner denying benefits is hereby affirmed.

**IT IS SO ORDERED**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 30, 2008
Florence, South Carolina